## CRAIG *v.* LEITENSDORFER.

ORIGINAL MOTION IN A CAUSE ADJUDGED IN THIS COURT AT THE
PRESENT TERM.

No. 1. Submitted April 23, 1888. — Decided May 14, 1888.

This court has power, and it is its duty, to issue writs of attachment, for costs here against persons who intervene in this court by leave of court,

and also against their sureties, in bonds for costs furnished by them by order of court on intervening.

THIS cause was tried at the present term, and is reported 123 U. S. 189. A question in regard to the enforcement of the payment of costs in this court, arises under the following circumstances:

On the 4th day of May, 1885, this cause having then been docketed and entered here, the attorney of record signed the following stipulation:

"WILLIAM CRAIG, *Appellant,*
        *vs.*         In Equity, No. 310.
"THOMAS LEITENSDORFER.

" And now come the parties above named, and stipulate and agree together, that by their mutual consent the decree of the Circuit Court, from which this appeal is taken, be reversed and the cause remanded to the court with directions that a decree be entered ' bill dismissed without costs.'

                   "BENJ. F. BUTLER,
                            *For Appellant.*
               "JOHN HALLUM,
                            *For Appellee.*
" *And Attorney in Fact for parties in interest.*"

On the same day the court adjourned for the term.

On the 6th day of the same May the late Chief Justice received the following letter, and caused it to be filed in the office of the clerk of the court, as shown by the indorsement:

            " WASHINGTON, D. C., *6th May,* 1885.
" *To Chief Justice Morrison R. Waite, present:*

" In *Craig* v. *Leitensdorfer,* a stipulation of counsel was filed on the 4th inst., the last day of the late term of the Supreme Court, signed by ' John Hallum for appellee, and attorney in fact for parties in interest.' Many months ago the appellee, impoverished by long litigation, transferred his interest in the land involved to Thomas J. Allen, who retained me to defend

the case. He has never employed Mr. Hallum, to my knowledge. Will not the court protect Allen's interests against the sacrifice — the gratuitous sacrifice, contemplated by Mr. Hallum?

"See *Pratt* v. *Jerome*, 19 Howard, 384.

"Respectfully,

"ROBERT H. BRADFORD.

" [Indorsed.]

"SUPREME COURT OF THE UNITED STATES.

" 1884. October Term.

"LETTER OF BRADFORD IN REGARD TO STIPULATION TO REVERSE

" [Filed May 6th, 1885. — James H. McKenney, Clerk.] "

On the 20th October, 1885, *Mr. Butler* on behalf of Craig, made the following motion, supporting it by a further statement which is not material in this connection :

" And now comes the appellant, defendant in this cause, here in court, by Benj. F. Butler, his counsel, and moves that an order be issued to Leann King, as executrix, who has filed a motion to be substituted in said cause as appellee, or to intervene therein, and also to R. H. Bradford, who has heretofore appeared for Thomas Leitensdorfer, plaintiff, appellee, and has written a letter to the Chief Justice that he now appears for Thomas J. Allen, who, he claims, now owns the *locus in quo* by purchase since this litigation began, each to show cause, if any either has, why an order and decree shall not be entered upon the stipulation filed herein on the 4th day of May last, a copy of which is as follows, to wit : " [being the above stipulation.]

An order was granted, and on its return *Mr. Charles W. Hornor* and *Mr. R. H. Bradford* appeared on behalf of Leitensdorfer, Thomas J. Allen, and Leann King.

On the 2d November, 1885, the following motion was made on behalf of Craig, entitled in the cause :

" And now comes the appellant here, by his counsel, Benjamin F. Butler and O. D. Barrett, and gives the court to be

informed that in reply to the motion to show cause filed herein on the 20th of October last, R. H. Bradford, Esq., and Charles W. Hornor representing Thomas Leitensdorfer and Thomas J. Allen, come here into court, and set up the title to the *locus de quo*, set forth in the bill of complaint, to be in other and different persons than said Leitensdorfer, to wit: in Thomas J. Allen and Leann King, and that John Hallum is not and never has been counsel in this cause, as he, in his affidavit avers, filed in support of said motion. And the appellant says, before said motion can be determined, evidence needs to be taken and conveyances shown to establish all the facts as respects the title to said *locus de quo* at the date of filing said motion.

"WHEREFORE, the appellant prays that a Special Master be appointed by this court to take testimony on the state of said title and the rights of the parties, and report the state of said title to this court with his findings of fact thereon.

"BENJ. F. BUTLER,

"O. D. BARRETT,

"*Of Counsel.*"

The court on the 4th November granted leave to file affidavits, and on the 14th December, 1885, *Mr. Barrett* and *Mr. Butler* filed affidavits in support of their motion to have a decree entered upon the stipulation.

On the 18th January, 1886, the following order was entered by the court:

"In this case it is ordered that the decree be reversed in accordance with an agreement to that effect entered into between Mr. Butler, of counsel for appellant, and Mr. Hallum, of counsel for the appellee, now on file, and that the cause be remanded with instructions to dismiss the bill without prejudice, unless the appellee, or some or all the persons who claim to have acquired title to the premises in dispute, or some part thereof, from or through him since the suit was begun, within thirty days from the entry hereof, file a stipulation in the cause, with security to the satisfaction of the clerk, to pay all costs and expenses accruing on this appeal since the last term

that may be finally adjudged against the appellee, including the cost of printing the record and the clerk's fee for supervising."

In accordance with this order, on the 15th February, 1886, sufficient bonds with sureties were filed in the clerk's office by Leann S. King and by Thomas J. Allen, conditioned for the payment of costs accruing after October term, 1884, including cost of printing the record and clerk's fee for supervising.

After the cause was heard at the present term, the costs not being paid, *Mr. Butler* and *Mr. Barrett*, on the 16th of April, 1888, moved the court as follows:

"And now comes the appellant, by his solicitors Benj. F. Butler and O. D. Barrett, and gives this court to be informed, that this cause having been heard and determined by said court and a mandate to the Circuit Court being about to be sent down, the matter of certain costs still remains to be adjusted and settled in this cause. That is to say:

"Leann S. King and Thomas J. Allen, who, by interlocutory order of said court passed the 18th day of January, 1886, were permitted to be heard in court, or by brief, in said cause, as 'persons who claimed to have acquired title to the premises in dispute, or to some part thereof, from or through the appellee, since said suit was begun,' on condition each should file a stipulation in the cause with security to the satisfaction of the clerk to pay all costs and expenses, accruing on said appeal since the last term of the court, that may be finally adjudged against the appellee, including the cost of printing the record, and clerk's fees for supervising. And said King and said Allen each filed such stipulation with instruments of security duly executed by each, the instrument filed by said King having the signature and seal of John N. Smith and Charles R. Lockridge of Kansas City, Mo., as sureties, thereto affixed in the full and just sum of three thousand dollars, which said security in the matter of said King, was satisfactory to the clerk of this court. Said Allen did file like security having executed under his hand and seal, and under the

hands and seals of Charles R. Haywood and A. D. Wilson of Arapahoe Court, Colorado, in the full and just sum of three thousand dollars, which security in the matter of said Allen was satisfactory to the clerk of this court. All which now fully appears in the copies of said securities hereto annexed marked A. D.

" And the court here is further informed that judgment having been rendered by this court in this case in favor of the appellant, with costs against the appellee, that the costs, since the October term of 1884, including the costs of printing the record and the clerk's fees for supervising, which costs amounting to the full and just sum of eleven hundred fifteen dollars and two cents, ($1115.02,) as taxed by said clerk, and for the payment of which said Allen and said King and their sureties were jointly and legally bound, are long since due and unpaid, although duly taxed; of all of which said King and said Allen have had due and reasonable notice through their attorneys of record in this cause, but neither of them has paid said costs, or any part thereof or filed with said clerk any reason why they should not so do.

" Wherefore the appellant moves the court here to estreat said instruments of security for said costs, and order judgment to be entered thereon as taxed by said clerk and proper process of attachment to issue against all said persons, jointly and severally, so that the judgment of this court may be rendered effectual, and said costs may be paid to the Clerk of this Court.

"BENJ. F. BUTLER,

"O. D. BARRETT.

"*Solicitors for the Counsel.*"

Leave was thereupon granted to *Mr. Charles W. Hornor* as attorney for Thomas J. Allen, and to *Mr. John Paul Jones* as attorney for Leann S. King to file answers and briefs in reply to this motion, and on the 23d April, *Mr. Hornor* on behalf of Allen filed the following answer, (with a brief and argument in support of it,) both of which were adopted by *Mr. Jones* in open court on behalf of Mrs. King:

"Now into this honorable Court, by his attorney, comes *Thomas J. Allen*, and in answer to the motion served on him Monday, April 10, 1888, excepts and says:

"*First.* That he is no proper party to this suit and cannot be called on to defend this motion, because the Court is without jurisdiction; because the motion is premature, no *personal* demand having been made for the costs claimed upon any person liable for them; no judgment or decree entered against respondent; no detailed itemized bill of costs either exhibited or filed, and because motioner has mistaken his remedy and the amount claimed is not due and is misstated.

"*Second.* That no costs are due to the clerk; they have all been paid by Mr. Butler, who is the sole person having any real interest in this rule or in this case as appellant; and he has a full and perfect remedy at law.

"Wherefore he prays that these exceptions be sustained and this motion dismissed with costs, and for all further general and equitable relief.

"CHARLES W. HORNOR,
"*Attorney for Thomas J. Allen.*"

MR. JUSTICE MILLER: An application was made in this case last Monday, for a compulsory process against Mrs. Leann S. King and Thomas J. Allen, and sureties, who signed two bonds for costs in this case.

The circumstances of the case are about these. Craig and Leitensdorfer had been litigating for an immense tract of land in Colorado, and the case had come here by appeal in behalf of Craig against the judgment of the Circuit Court. Shortly after it got here, Craig made an arrangement with Leitensdorfer, or with his executor (for he died during the progress of this long litigation), by which the case was to be closed up by a consent decree in favor of Craig, or his representatives. He presented that agreement to this court, and asked to have it enforced. At that time Mrs. King and Mr. Allen interposed by their counsel, and protested against this dismissal, saying that they had bought Leitensdorfer's claim, or parts of it,

before he had made this arrangement, and to enforce it would prejudice them. That motion was heard in this court long enough to have settled a common case. The court said to these parties, if each of you will enter into bonds to pay all costs from this time forward to be adjudged against you, or the appellee, you shall be permitted to intervene and be heard. They were heard and they made all the defence that was made against Craig's claim. In October last, this court decided the case in favor of Craig, and against Leitensdorfer's representatives. The costs were taxed by the clerk, and these parties have neglected to pay them. We are of opinion that they must pay them, and we are of opinion that this court has power, and it is its duty, to enforce the payment without remitting the payees in these bonds to another suit in some other court. We, therefore, make an order that an attachment issue against Mrs. King and her sureties, and Mr. Allen and his sureties, to compel payment of the amount of the taxed costs, unless they do pay it before the last day of this term.

This is a new question, and a more elaborate opinion may be submitted before the end of the term, but this order is made now because the parties ought to have an opportunity to pay, and we make the order now that they pay the costs, and that a writ of attachment issue if they do not pay before the end of this term.

It is proper to observe that if the money is not paid the writ of attachment will be returnable to the next term of the court.