### AVERILL *v.* SMITH.

*Trespass* will not lie against a collector of internal revenue for improperly seizing and carrying away goods as forfeited, where, on information afterwards filed the marshal has returned that *he* has seized and' attached them, and where after a trial absolving them a certificate of probable cause has been granted under the eighty-ninth section of the act of February 24th, 1807, and where the owner of the goods has never made any claim of the collector for them except by bringing the action of trespass.

The claimant of the goods after a trial where probable cause has been certified, ought to move the court for the necessary orders to cause the property to be returned to the rightful owners, if the court have itself omitted to make such an order. It is not the duty of either the marshal or collector to do so.

ERROR to the Circuit Court for the Northern District of New York.

AN act of Congress of February 24th, 1807,* enacts :

" That when any prosecution shall be commenced on account of the seizure of any ship or vessel, goods, wares, or merchandise, made by any collector or other officer, under any act of Congress, authorizing such seizure, and judgment shall be given for the claimant or claimants, if it shall appear to the court before whom such prosecution shall be tried, that there was a reasonable cause of seizure, the said court shall cause a proper certificate or entry to be made thereof; and in such case the claimant or claimants shall not be entitled to costs, nor shall the person who made the seizure, or the prosecutor, be liable to action, suit, or judgment on account of such seizure and prosecution ; *provided, that the ship or vessel, goods, wares, or merchandise, be, after judgment, forthwith returned to such claimant or claimants, his, her, or their agent or agents."*

The 89th section of the Customs Act of March, 1799,† contains a provision substantially the same.

These statutory provisions being in force, one Smith brought *trespass* against Averill, *a collector of internal revenue,* for taking and carrying away certain barrels of whisky.

The defendant pleaded not guilty, and gave notice, under the practice of the second circuit, of his defences.

---

* 2 Stat. at Large, 422.            † 1 Id. 696.

The case was tried, and a special verdict found as follows:

"That the defendant, being a collector of internal revenue, on the 4th of February, 1868, seized as forfeited to the United States, and carried away, and deposited in a storehouse at Corning, the whisky mentioned; the same then being in the possession of and owned by the plaintiff; that an information was filed against the same in the District Court of the United States for the said district; that on the 15th of May, 1868, a deputy of the marshal of the district presented to the defendant a process of the said District Court, commanding him, the said marshal, to seize the said property; that the marshal made return that on the 4th of May, 1868, *he* did *seize and attach the said property,* and had duly cited all persons to appear and assert their claims thereto; that he did not at any time notify to the person having possession of, and in whose warehouse the said whisky was stored by the said defendant, that he, the said marshal, had taken possession thereof; that a claim and answer to the said property was put in by Smith, the plaintiff, as owner thereof; that a trial was had and a judgment entered that the property did not become forfeited, but that the same belonged to said Smith, the plaintiff; that afterwards, the said court adjudged and certified that there was probable cause for the said seizure; that the plaintiff had never made claim of the defendant for the said property except by bringing the said action; neither had said property, or any part thereof, ever been returned to the plaintiff, nor had any offer been made to return the same, but that the same still remained in such storehouse at Corning aforesaid."

On this verdict judgment was entered for the plaintiff, and to review that judgment the defendant prosecuted this writ of error.

*Mr. G. H. Williams, Attorney-General, and Mr. C. H. Hill, Assistant Attorney-General, for the plaintiff in error:*

Upon the facts shown by the special verdict, an action of trespass will not lie against the defendant.

The second resolution in the *Six Carpenters' Case,*[*] was

---

[*] 8 Reports, 146; S. C., 1 Smith's Leading Cases, 216.

" that not doing cannot make the party who has the authority or license by the law a trespasser *ab initio*, because not doing is no trespass; and, therefore, if the lessor distrains for his rent, and thereupon the lessee tenders him the rent in arrear, &c., and requires his beasts again, and he will not deliver them, this not doing cannot make him a trespasser *ab initio*." This principle has been universally recognized. In *West* v. *Nibbs*,[*] it was held " that a landlord who has accepted the rent in arrear, and the expenses of the distress, after the impounding, cannot be treated as a trespasser merely because he retains possession of the goods distrained, although his refusal to deliver them up to the tenant may amount to a conversion so as to render him liable in trover." And *Gardner* v. *Campbell*,[†] *Smith* v. *Egginton*,[‡] *Waterbury* v. *Lockwood*,[§] *Jacobsohn* v. *Blake*,[||] and other authorities collected and to be seen in the last edition of Smith's Leading Cases,[¶] affirm this rule. The certificate of probable cause showed that the original seizure of the goods was lawful, and threw the *onus probandi* upon the claimants.

There was an omission, too, in the judgment of the District Court to make any order in respect of the return of the goods. The goods were not in the possession of the collector. The *marshal* had taken them out of his possession by order of a writ directed to him; and, of course, thenceforth they were in possession of the court. The collector had nothing more to do with them. He could not return them to the plaintiff. The goods being in possession of the court, the plaintiff should himself have come into court and asked to have them back, when he would have received them as of course.

But whatever effect this absence of an order in respect to the return of the goods may have had upon the rights of the parties on the judgment in the District Court, it was necessary for the owner to have taken active measures in some

* 4 Common Bench, 172.          † 15 Johnson, 401.
‡ 7 Adolphus & Ellis, 167.          § 4 Day, 257.
|| 6 Manning & Granger, 918, 924.
¶ Seventh edition, vol. 1st, note to The Six Carpenters' Case.

form to recover his property, and to have encountered a refusal; and, without deciding whether he has a remedy in trover or replevin, it is clear on the authorities that the present action will not lie.

*Mr. M. W. Cooke, contra:*

*The case shows a trespass.* The defendant, without process, seized, took, and carried away plaintiff's property. The cases cited on the other side, save one, were for acts of officers proceeding upon execution or process of the court. In *Gardner* v. *Campbell,* the defendant took the plaintiff's goods under and by virtue of an execution, and it was decided, simply, that replevin would not lie. This case has no bearing except to show that plaintiff herein could not have replevied the goods if the position of plaintiff in error is correct.

In *Smith* v. *Egginton,* and *Waterbury* v. *Lockwood,* the defendant, an officer, was acting under process of the court directing the seizure of the goods of defendant named in the process. The court seized them. The case of *Jacobsohn* v. *Blake,* so far as it has any bearing, is against the position claimed. The officer there did not seize the goods, and it was upon this ground that the judges decided the case. Tindal, C. J., says:

"In order to maintain such an action (trespass) there must have been an actual seizure of plaintiff's goods."

The goods were simply examined and returned. In the suit at bar they were seized, carried away, and never returned.

The property, when the collector seized it, was put into a warehouse not owned by himself. The marshal attached the property, and gave the proper notices; but he did not remove the property from the warehouse where it was deposited by the collector's order; and, so far as appears from the special verdict, he did not in any way interfere with the possession of it by the warehouseman, as the bailee of the collector.

. Assume, however, for the purposes of the argument, that the return of the marshal is conclusive, and that either by the indorsement and delivery to him of the warehouse receipt for the property, or otherwise, he had properly executed his process, and afterwards held the property under legal arrest until it was discharged by the judgment of the District Court.

The question then to be determined is, whether the certificate of reasonable cause, granted by the District Court, is a good defence to this action; as the property seized was never returned or offered to be returned to the owner.

In a case like that complained of here, probable and reasonable cause is confessedly no defence, except where some statute creates and defines the exemption from damages.*

In this case the exemption is claimed under the first section of the act of the 24th of February, 1807, and the eighty-ninth section of the Customs Act of 1799. Now the case of *Hoit* v. *Hook*,† decided in the Supreme Judicial Court, of Massachusetts, by Chief Justice Parker, and Justices Thatcher, Putnam, and Wild, in 1817, seems in point.

The property in that case (certain cattle) had been seized and libelled and then sold, *pendente lite*, under the order of the District Court of the United States. After it had been sold the cause was tried, and Hoit, the plaintiff, as the then claimant, had a verdict. The district judge thereupon decreed that the property was not liable to forfeiture; that there was reasonable cause for the seizure; that $384.43 for the expenses which had been incurred for the custody and sustenance of the cattle should be deducted from the proceeds of sale; and that the residue, $151.57, should be paid to the claimant.

A verdict having been taken for the plaintiff in the State court, subject to the opinion of that court, upon the facts stated, the question whether the certificate and decree of the District Court were a defence was argued, and the court decided that the certificate of reasonable cause could operate

---

* The Apollon, 9 Wheaton, 362, 373.　　　　† 14 Massachusetts, 210.

as a bar to an action only when the property was restored, according to the proviso in the statutes above referred to, and ordered judgment for the plaintiff on the verdict.

This case was decided by judges of the highest character for learning and ability.

In the case before us all will agree that it was not the duty of the *marshal* to make return of the property to the claimant; and that the District Court could only require him to release the property from the arrest. But if it were the duty of the marshal to make the return, and the court had power to require him to perform such duty, it would nevertheless be very doubtful whether the marshal's neglect of duty would not prevent the statute from operating as a protection to the defendant. The return of the property forthwith after judgment is a condition precedent to the exemption from liability declared by the statute; and it is clear that it was the intention of Congress that a failure to make such return should fix the liability of the seizing officer. If the marshal neglected his duty to the injury of the seizing officer, the latter must seek his remedy against the marshal; and if any application to the District Court was necessary to secure such return, it was the defendant's duty, and not that of the plaintiff, to take care that such application was made, in order to secure the protection of the statute.

But the marshal had no such duty imposed upon him in this case. The defendant of course was liable to the warehouseman for storage, for which the latter could probably retain the possession of the property—at least as against the defendant—and perhaps as against the plaintiff, and against the marshal after the order or judgment of the District Court that the property should be discharged, and that there was reasonable cause for the seizure.

It is enough to require a citizen, when his goods have been seized and not forfeited, to come into court and establish his title by judgment of the court; and when this has been done, and the party who has committed the admitted and gross wrong is protected by what is called a " certificate

of probable cause," it is little enough to require him to return the goods, or procure their return, and especially where they remain under his own personal control, as it can hardly be doubted that they did in this case.

The judgment upon the verdict in favor of the plaintiff was right, and the judgment should be affirmed.

Mr. Justice CLIFFORD delivered the opinion of the court.

Judgments rendered in the Circuit Court, in any civil action against a collector or other officer of the revenue, for any act done by him in the performance of his official duty, or for the recovery of any money exacted by or paid to him, which shall have been paid into the treasury, may, at the instance of either party, be re-examined and reversed or affirmed in this court upon writ of error, without regard to the sum or value in controversy in such action.*

Certain personal property belonging to the plaintiff, consisting of four hundred and three gallons of whisky and the barrels in which it was contained were seized by the defendant, as the collector of internal revenue for the 27th district of the State, and it appears that such proceedings were had that the district attorney for the district filed an information against the same, in behalf of the United States, founded upon that seizure, in which he alleged that the property was subject to certain duties and taxes which had been duly imposed upon the same, and that the property was found by the defendant, as such collector, in the possession and custody, and within the control of the plaintiff, for the purpose of being sold by him in fraud of the internal revenue laws, and with the design to avoid the payment of the duties and taxes so imposed. Process in due form was issued and the marshal made return upon the same that he had seized and attached the property, and cited all persons to appear and assert their claims, as the process commanded. Subsequently the plaintiff appeared and made claim that he

---

* 15 Stat. at Large, 44.

was the true *bonâ fide* owner of the property, and filed a claim and answer denying all the material allegations of the information, to which the district attorney replied tendering an issue, upon which the parties went to trial and the jury found that the property did not become forfeited as alleged by the district attorney. Pursuant to the verdict the court rendered judgment in favor of the claimant, and that the property be discharged, and the court also adjudged and certified that there was probable cause for the seizure of the property. Judgment was rendered for the claimant in the District Court on the 21st of August, 1868, and the plaintiff, on the 25th of January of the next year, commenced the present suit, which is an action of trespass, against the defendant, in the State court, wherein the plaintiff alleged that the defendant, on the 4th of February, 1868, being the day the defendant seized the property described in the information, with force and arms, at the place therein named, seized, took, and carried away the described chattels, of the value therein alleged, and that he converted the same to his own use, and still unlawfully detains the same from the plaintiff. Due application was made by the defendant for the removal of the cause from the State court into the Circuit Court, and it was accordingly removed as prayed by the defendant, and he appeared and pleaded the general issue, that he is not guilty in manner and form as the plaintiff has alleged in his complaint. Issue having been joined the cause came to trial, and the jury, under the instructions of the court, returned a verdict for the plaintiff in the sum of $1014.46, "subject to the opinion of the court upon the questions of law arising upon the proof of a certificate of probable cause, and upon the fact of the non-return of the property." Considerable delay ensued, but the case was finally turned into a special verdict, and the court rendered judgment in favor of the plaintiff for the sum found by the jury. Whereupon the defendant sued out the present writ of error and removed the cause into this court.

Trespass certainly will not lie in such a case for the act of

seizure, unless it appears that the act was tortious or unauthorized, neither of which is proved or can properly be presumed in the present case, as the act of seizure was made by the party as the collector of the revenue and in a case where it was his duty to make it if he really believed, what he alleged, that the property was forfeited to the United States. Attempt to sell such property to avoid the payment of the internal revenue duties imposed thereon is a legal cause of forfeiture, and if the defendant, as such collector, had good cause to believe and did believe that the property described in the information was forfeited to the United States by any such attempt of the owner, it was his duty to make the seizure, and inasmuch as the District Court, having jurisdiction of the subject-matter, have adjudged and certified that there was probable cause for the seizure, the court is of the opinion that trespass will not lie for that act.* Nothing of the kind is pretended, even by the plaintiff, but he insists that the decree discharging the property from the attachment made by the marshal, under the process issued by the District Court in pursuance of the prayer contained in the information, made it the duty of the defendant to return the property to him as the lawful claimant, and that inasmuch as the defendant neglected to return the property, he became a trespasser *ab initio*; but the court, in view of the circumstances, is not able to concur in that proposition, for several reasons: (1.) Because it is settled law, and always has been, since the decision in the case of *Vaux* v. *Newman*,† that a mere nonfeasance does not amount to such an abuse of authority as will render the party a trespasser *ab initio*. (2.) Because the District Court, which had jurisdiction of the subject-matter, adjudged and certified that there was probable cause for the seizure of the property. (3.) Because the property was taken out of the possession of the defendant by virtue of the judicial process issued by the District Court, pursuant to the prayer contained in the information, and remained, throughout the litigation, in the custody of the mar-

---

* United States *v*. Distilled Spirits, 5 Blatchford, 410.    † 8 Coke, 146.

shal as the officer of the court which issued the process. (4.) Because the property under such circumstances, though in the custody of the marshal for safekeeping, is, in contemplation of law, in the possession of the court for adjudication. (5.) Because the plaintiff did not obtain any order from the District Court for a return of the property nor make any demand for the same either of the marshal or of the defendant.

1. Extended argument to show that a mere omission of duty, or neglect to do what another has a right to exact, or any other mere nonfeasance, will not amount to such an abuse of authority as will render the party a trespasser *ab initio*, is quite unnecessary, as the proposition is not controverted, nor can it be, as it is supported by the highest judicial authority. It was resolved in the leading case that not doing a thing cannot make a party a trespasser *ab initio*, because *not doing is no trespass*, and, therefore, if the lessor distrains for his rent and thereupon the lessee tenders him the rent and arrears, and requires his beasts again, and the lessor will not deliver them, this *not doing* cannot make him a trespasser, and that rule was affirmed in the case of *West* v. *Nibbs*,* by the whole court. When an act is legally done, said Spencer, C. J., it cannot be made illegal *ab initio*, unless by some positive act incompatible with the exercise of the legal right to do the first act.†

2. Proof of probable cause, if shown by the certificate of the District Court which rendered the decree discharging the property, is a good defence to an action of trespass brought by the claimant against the collector who made the executive seizure, provided it appears that judicial proceedings were instituted and that the charge against the property was prosecuted to a final judicial determination. Where the respondent prevails in such an information, the court, says

---

* 4 Manning, Granger, and Scott, 185.

† Gates *v.* Lounsbury, 20 Johnson, 429; Jacobsohn *v.* Blake, 6 Manning & Granger, 925; Doolittle *v.* Blakesley, 4 Day, 265; Shorland *v.* Govett, 5 Barnewall & Cresswell, 488; Gage *v.* Reed, 15 Johnson, 403; Waterbury *v.* Clark, 4 Day, 198; Ferrin *v.* Symonds, 11 New Hampshire, 363.

Mr. Parsons,* give to the prosecuting or seizing officers a certificate of probable cause, if in their judgment he had such cause for the seizure, and that, he says, protects the officer who made the seizure from prosecution for making the same; and he adds, that the final decree of the court in a case of forfeiture regularly before the court is conclusive. In cases of acquittal in revenue instance causes, says Mr. Dunlap,† the decree is for the restitution of the property in the custody of the court, and a warrant of delivery is immediately issued, but where there is reasonable cause of seizure the judge certifies that fact or causes an entry thereof to be made, which protects the seizing officer from any prosecution for the seizure. Probable cause, he says,‡ means less than evidence which would justify a condemnation; and the same author says, if the court before whom the cause is tried shall cause a certificate or entry to be made that there appeared to be a reasonable cause of seizure, the seizing officer shall be protected from all costs, suits, and actions on account of the seizure and prosecution. Differences of opinion existed for a time as to the legal meaning of the term probable cause, but it is settled that it imports circumstances which warrant suspicion, and that a doubt respecting the true construction of the law is as reasonable a cause of seizure as a doubt respecting the fact.§

Property seized under the internal revenue laws, when the same is attached by the marshal under judicial process, remains in his possession and is not in general delivered over to the collector, and in respect to all such property the rule is well established that it is in the custody of the law or of the court, and that it is held by the marshal as the officer of the court.

Goods of a maritime character seized under the principal collection act were at one time required to be put into the custody of the collector, and it is undoubtedly true that in respect to such goods the collector is responsible for the safe

---

* On Shipping, 491.        † Practice, 298.        ‡ Ib. 308.
§ Locke v. United States, 7 Cranch, 348; United States v. Riddle, 5 Ib. 313; The George, 1 Mason, 27.

custody of the same to the same extent as the marshal is for such as remain in his possession and keeping, and the rule applied to each alike is that the keeper is responsible for any loss or injury which the goods sustain by his neglect or want of due care.*

Owners of property seized cannot maintain an action for the property pending the proceeding *in rem* to enforce the forfeiture, as it cannot be determined before the final decree, whether the taking be rightful or tortious.   Consequently the pendency of the suit *in rem* would be a good plea in abatement, as was decided by this court more than half a century ago.†   Two other propositions were decided in that case which are of controlling importance in the present investigation: (1.) That the certificate that there was reasonable cause of seizure would be a good bar to an action commenced after the decree of condemnation.   (2.) That the decree of acquittal, if accompanied by a denial of such a certificate, establishes the fact conclusively that the seizure was tortious and that the owner of the property is entitled to his damages for the injury.‡

Where the seizure is made in a case of capture *jure belli* it is conceded that these principles apply without qualification, but it is insisted that probable cause never furnishes a defence to an action for damages in the case of a municipal seizure, except in cases where some act of Congress authorizes the courts to give it that force and effect, and it must be admitted that such is the law as expounded by this court.§   Concede that, but it should be observed that this court in the very case in which that rule is established, refer to the 89th section of the principal collection act, and to the sub-

---

* 1 Stat. at Large, 678, ? 69; Burke *v.* Trevitt, 1 Mason, 100; Jennings *v.* Carson, 4 Cranch, 21.

† Gelston *v.* Hoyt, 3 Wheaton, 246.

‡ Shattuck *v.* Maley, 1 Washington Circuit Court, 249; United States *v.* Gay, 2 Gallson, 360; The Friendship, 1 Id. 112; United States *v.* One Sorrel Horse, 22 Vermont, 656; La Manche, 25 Law Reporter, 585; Wilkins *v.* Despard, 5 Term, 117; The Ship Recorder, 2 Blatchford, 120; The Malaga, 2 Am. Law Journal, 105; La Jeune Eugenie, 2 Mason, 436.

§ The Apollon, 9 Wheaton, 373; 1 Conklin's Admiralty (2d ed.), 459.

sequent "act respecting seizures," as containing express provisions upon the subject, and the court decides that they show the clear opinion of Congress that the claimant in such a case shall not be entitled to costs, nor shall the person who made the seizure or the prosecution be liable to an action, suit, or judgment on account of such seizure, or prosecution.* Appended to the section enacting such an exemption as exhibited in the first two acts is the following, to wit: " Provided that the ship or vessel, goods, wares, or merchandise be, after judgment, forthwith returned to such claimant or claimants, his, her, or their agent or agents." Taken literally, it is quite clear that the language in those provisos, respectively, would require what the defendant in a case like the present could not perform, as he could not compel the court to make an order for the return of the property, nor could he compel the marshal to do what it is insisted the language of the provisos require the defendant to do, but the proviso in the act last referred to is of a very different character, and reads as follows: " Provided such property or articles *as may be held in custody by the defendant, if any*, be, after judgment, forthwith returned to the claimant or claimants, his, her, or their agent or agents." Beyond all doubt the construction which this court put upon the provisos in the first two acts in the case referred to, was the same as the language employed by Congress in the third act imports, and it is believed that such is the construction which has always been given to those two provisos ever since they were enacted.

- Imported goods when seized and subsequently attached by the marshal are sometimes deposited with the collector for safe custody, and in respect to such the rule would be a reasonable one which should require him to surrender the same to the owner as soon as the goods are acquitted, but it would be monstrous to deny the collector the benefit to which he would otherwise be entitled from the certificate of

* The Apollon, 9 Wheaton, 373; 1 Stat. at Large, 696; 2 Id. 422; 3 Id. 199.

probable cause, for the reason that he did not return the property which was taken out of his possession by judicial process, and which the law requires the marshal to keep in his custody as the officer of the court having jurisdiction of the controversy.

Process *in rem* is founded on a right in the thing, and the object of the process is to obtain the thing itself or a satisfaction out of it, and the executive seizure is required to bring the property within the reach of judicial process and as affording some protection to the owners against the causeless interference of irresponsible persons with their property, but it is merely a preliminary requirement, as the judicial arrest must follow, and the law makes it the duty of the marshal to keep the property seized in such safe and secure manner as to protect it from injury while it is in his custody, so that if it be condemned or be restored to the owner its value to the parties may be unimpaired.\* Perishable property may be sold and the proceeds paid into the registry of the court, in which event the proceeds represent the property seized, but it must be obvious that the defendant in that state of the case could not return the proceeds, as money in the registry of the court can only be drawn out of the registry pursuant to the order of the court, signed by the judge and entered and certified of record by the clerk.† Viewed in any light the better opinion is that it is the duty of the claimant to move the court for the necessary orders to cause the property or its proceeds to be returned to the rightful owner.

Reference is made to the case of *Hoit* v. *Hook*,‡ as prescribing a different rule. Suffice it to say in respect to that case that it is one of an exceptional character, and one which is not very satisfactorily explained, but if it is understood as supporting the views of the plaintiff the court here cannot accept the conclusion as applied to the present case.

3. Sufficient proof was exhibited, of the most satisfactory character, showing that the property was attached by the

---

\* Benedict's Admiralty, 262; Pelham *v.* Rose, 9 Wallace, 103.

† 3 Stat. at Large, 395.     ‡ 14 Massachusetts, 210.

marshal, and was by him taken out of the possession of the defendant, and that the defendant never afterwards obtained its possession, which is all that need be said on that subject, as it is quite clear that the defendant could not return property which was in the possession of an officer of the court.

4. Enough has already been remarked to show that the property was in the possession of the court for adjudication, and that it was the appropriate duty of the claimant to move the court that it be restored to the rightful owner.

5. Argument to support the fifth proposition is quite unnecessary, as the special verdict finds that the plaintiff never made claim of the defendant for the property except by bringing the action, which of itself is sufficient to show that the judgment should be reversed.

JUDGMENT REVERSED, and the cause remanded with directions to issue

A NEW VENIRE.