UNITED STATES v. 83 SACKS OF WOOL AND 5,974 SHEEPSKINS.

(District Court, D. Maine.  September 29, 1906.)

No. 189.

CUSTOMS DUTIES—PROCEEDINGS FOR FORFEITURE OF PROPERTY—CERTIFICATE OF REASONABLE CAUSE.

On judgment for claimant of property seized by officers of the customs service for forfeiture, on the ground that it was fraudulently imported, a certificate of reasonable cause should be entered by the court as provided by Rev. St. § 970 [U. S. Comp. St. 1901, p. 702], although the verdict of the jury was clearly right, under the evidence, where it is affirmatively shown that the officers who instituted the proceedings acted in good faith and on reasonable ground of suspicion.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 154.]

In Matter of Certificate of Probable Cause, under Rev. St. § 970 [U. S. Comp. St. 1901, p. 702.]

Isaac W. Dyer, U. S. Atty.

Orville D. Baker, Guy Murchie, and Marshall McKusick, for claimant.

HALE, District Judge.  This is a case of seizure of property alleged to have been fraudulently imported into the United States.  The proceedings were taken under the familiar theory of the revenue law in cases of seizure and forfeiture that it is the property, and not the owner, which offends.  The property is the defendant in the proceeding, it is alleged to be the guilty thing, and is susceptible of being tried and condemned.  The owner gets notice along with the rest of the world, and may appear to claim and defend his property.

In this case the owner, the Calais Tanning Company, appeared and defended the suit, alleging that the property was free from fault; that it was properly introduced into the United States, and not smuggled.  After a long trial before the jury, at Bangor, at the June term of this year, the verdict of the jury was in favor of the claimant, and an order of restoration was granted.

The case now comes before the court under section 970 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 702], which is as follows:

"When, in any prosecution commenced on account of the seizure of any vessel, goods, wares, or merchandise, made by any collector or other officer, under any act of Congress authorizing such seizure, judgment is rendered for the claimant, but it appears to the court that there was reasonable cause of seizure, the court shall cause a proper certificate thereof to be entered, and the claimant shall not, in such case, be entitled to costs, nor shall the person who made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit or prosecution: provided, that the vessel, goods, wares or merchandise be, after judgment, forthwith returned to such claimant or his agent."

Under the above section, the learned attorney for the government moves the court to find reasonable grounds of seizure and to cause a proper certificate thereof to be entered upon the record.

The trial before the jury was long and conducted with the utmost care and ability on both sides by learned and eminent counsel. The court expressed no opinion, but allowed the jury the fullest scope in the examination. The jury rendered a verdict for the claimant. At the announcement of the verdict, I stated to the jury that I should have come td the same conclusion myself if the question of fact had been submitted to me. The testimony offered by the claimant company was satisfactory and convincing. The whole testimony in the case, taken together, was not sufficient to satisfy any fair tribunal of the guilt of the alleged offending property.

The claimant would now be entitled to his costs, but for the statute to which I have referred. This statute is for the purpose of obtaining from the court a judicial finding as to whether there was a reasonable cause of making the seizure; and, if there was such reasonable cause, the main purpose of the statute is to protect the person at whose instance the seizure was made, should an action of trespass be brought against him by the defendant for the wrongful seizure of property. It is for the purpose of ascertaining by a judicial finding whether the prosecution was justifiable, even though by the verdict it was determined that the property was not guilty of the charge preferred against it.

The term "reasonable cause" is not different in meaning from the term "probable cause" found in section 909 [U. S. Comp. St. 1901, p. 679]. In that section it becomes the duty of the court to pass upon the question \ of probable cause, before the claimant shall be required to proceed, and before the case can be submitted to the jury. But the question of reasonable cause arises, under section 970, after the case has been fully tried, and a verdict has been rendered.

The courts do not draw any substantial distinction between the meaning of the two expressions, but in many cases have held both to have the same meaning. Stacey v. Emery, 97 U. S. 642, 24 L. Ed. 1035.

In Averill v. Smith, 17 Wall. 82, 21 L. Ed. 613, in speaking for the Supreme Court, Mr. Justice Clifford said:

"Proof of probable cause, if shown by the certificate of the District Court which rendered the decree discharging the property, is a good defense to an action of trespass brought by the claimant against the collector who made the executive seizure, provided it appears that judicial proceedings were instituted, and that the charge against the property was prosecuted to a final judicial determination. Where the respondent prevails in such an information, the court, says Mr. Parsons, gives to the prosecuting or seizing officers a certificate of probable cause, if in their judgment he had such cause for the seizure, and that, he says, protects the officer who made the seizure from prosecution for making the same; and he adds that the final decree of the court in a case of forfeiture regularly before the court is conclusive. * * * Probable cause, he says, means less than evidence which would justify a condemnation, and the same author says, if the court before whom the cause is tried shall cause a certificate or entry to be made that there appeared to be a reasonable cause of seizure, the seizing officer shall be protected from all costs, suits, and actions on account of the seizure and prosecution. Differences of opinion existed for a time as to the legal meaning of the term 'probable cause,' but it is settled that it imports circumstances which warrant suspicion, and that a

doubt respecting the true construction of the law is as reasonable a cause of seizure as a doubt respecting the fact."

The court refers to Gelston v. Hoyt, 3 Wheat. 246, 4 L. Ed. 381, as deciding two propositions, namely:

"(1) That the certificate that there was reasonable cause of seizure would be a good bar to an action commenced after the decree of condemnation.

"(2) That the decree of acquittal, if accompanied by a denial of such a certificate, establishes the fact conclusively that the seizure was tortious, and that the owner of the property is entitled to his damages for the injury."

It will be seen, then, that the expression "probable cause" and the expression "reasonable cause" have been held by the courts to mean substantially the same thing.

In Locke v. U. S., 7 Cranch (U. S.) 339, 3 L. Ed. 364, Chief Justice Marshall held that this expression "means less than evidence which would justify condemnation, and in all cases of seizure has a fixed and well-known meaning. It imports a seizure made under circumstances which warrant suspicion. In this, its legal sense, the court must understand the term to have been used by Congress." In Munns v. De Nemours, 3 Wash. (C. C.) 37, Fed. Cas. No. 9,926, Mr. Justice Washington defines "probable cause" to mean "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offense of which he is charged." Stacey v. Emery, supra.

It is clear that the certificate called for under this section of the statute should not be granted by the court, unless it is clear that the evidence warrants it, for it has been held by the courts that the action of the District Court in this regard cannot be reviewed, and very important results may depend upon such action. U. S. v. Abatoir Place, 106 U. S. 160, 1 Sup. Ct. 169, 27 L. Ed. 128; Averill v. Smith, supra.

But, on the other hand, the court ought to grant this certificate where the testimony shows affirmatively that the officers who instituted the proceedings were acting in good faith and under circumstances which would justify a reasonable suspicion; for, unless government officers shall feel assured that they will receive the protection of the courts in cases where they have acted faithfully, carefully, and reasonably, they may become too timid in the performance of their grave and important duties.

In the case at bar the issue is thus brought before the court whether the evidence is sufficient to show that the agents of the government, at whose instance the seizure was made, had such ground of suspicion as would warrant a reasonably cautious man in the belief that the property seized had been smuggled. It is not my purpose to discuss in detail the testimony touching this point. In order to entitle the government to the certificate under this section of the statute, it is clearly incumbent upon it, as I have just indicated, to induce belief in the mind of the court by affirmative evidence that the complaint was made on a reasonable ground of suspicion.

After carefully considering the evidence upon which the proceedings were taken, I am satisfied that, while such evidence would not

justify a condemnation of the property, it was sufficient to induce a reasonable suspicion in the minds of those who instituted the proceedings.

A certificate of reasonable cause of seizure may be entered.