24 C.C.P.A.(Patents)

**I. & B. COHEN, BOMZON & CO., Inc., v. BILTMORE INDUSTRIES, Inc.**

**Patent Appeal No. 3811.**

Court of Customs and Patent Appeals.
June 21, 1937.

Asher Blum, of New York City (Charles R. Allen, of Washington, D. C., of counsel), for appellant.

Arthur F. Durand, of Chicago, Ill. (Charles S. Grindle, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Mark Interferences sustaining the petition of appellee for the cancellation of appellant's registered trade-mark "Biltmore" for use on men's worsted suits and overcoats.

The mark in question consists of the word "Biltmore" printed in script and inclosed in an ellipse. It was registered by appellant's predecessor—registration No. 120,552, issued February 19, 1918, on an application filed September 20, 1917.

The question involved is concisely stated in the Commissioner's decision as follows:

"Biltmore Industries, Incorporated, petitioned for the cancellation of trade-mark registration No. 120,552, issued February 19, 1918, to the assignor of I. & B. Cohen & Company. From an adverse decision of the examiner of trade-mark interferences the registrant appeals.

"The trade-mark involved is the word 'Biltmore' applied to men's clothing. It has been the subject of two opposition proceedings between these same parties. In the first of them an application of the appellant here was successfully opposed by the appellee, and in the second appellant's opposition to an application filed by appellee was sustained. The decision to be reviewed in the instant case holds that the judgment in the first opposition proceeding is res judicata of the single issue here raised, and the cor-

rectness of that holding is the only question to be determined on appeal."

The sole contention raised by appellee's petition for cancellation is that, because of the decision of the Commissioner in opposition No. 11,528, wherein appellant here was the applicant and appellee the opposer, the right of appellee to cancellation of appellant's mark has become res adjudicata.

The record in the opposition proceeding was made a part of the record herein.

It appears from the record before us that there was a second opposition proceeding, No. 12,190, between the parties here involved, wherein appellant opposed appellee's application for the registration of the mark "Biltmore" for use on wool fabrics. In that proceeding, the Examiner of Trade-Mark Interferences and the Commissioner of Patents held that the opposition should be sustained and the application for registration rejected.

It is stated in the briefs of both parties that the applicant in opposition No. 12,190, appellee in the case at bar, has filed a bill in equity under section 4915, Revised Statutes, as amended (35 U.S.C.A. § 63), for the registration of its mark, which suit has not yet been determined.

The Commissioner in his decision herein, referring to opposition No. 11,528, stated:

"One of the grounds of that opposition was that the applicant had appropriated the predominant word of opposer's name and that of its predecessors, and that was the sole ground on which the examiner of trademark interferences sustained the opposition. An appeal was taken to the then Commissioner of Patents, who, in affirming the examiner, used the following language:

"'The opposer has pleaded and the examiner has rested his decision largely upon that portion of the statute, Sec. 5 of the 1905 Act, which forbids registration of a mark "which consists merely in the name of an individual, firm, corporation, or association" save under certain conditions not present here. The opposer incorporated long after the adoption and use by the applicant of the mark here under consideration. It should be noted the statute does not limit the prohibition to corporations but includes a firm or an association. It would seem that prior to applicant's entry into the field there existed an association engaged in commerce that was using "Biltmore" as part of its name. Considering the statute in connection with its interpretation by the United States Supreme Court in the case of American Steel Foundries v. Robertson, Commissioner of Patents, and Simplex Electric Heating Company, 269 U.S. 372, 46 S.Ct. 160, 70 L.Ed. 317, 342 O.G. 711, it is at once apparent the applicant is not seeking registration of the entire name of the opposer, either corporation or association. It must be considered therefore whether the facts of this particular case support the view that registration by applicant would be calculated to deceive or confuse the public to the injury of opposer. The applicant has shown, and such circumstances were taken note of by the Supreme Court in the above referred to case, that there were other firms or corporations in existence prior to that of the opposer having the word "Biltmore" as part of the name and has argued that, in consequence, this word does not indicate to the public the opposer company, association or corporation. It is believed however that when used in connection with goods so similar to those upon which the applicant uses the word there would be some probability of confusion in the mind of the public and that for this reason registration should be denied the applicant.'

"Appellant now argues that the foregoing was mere dictum, and that the real basis of the decision was the expressed opinion of the Commissioner that appellee's use of the word 'Biltmore' in its advertising was sufficient to warrant a judgment in its favor. In this connection he said:

"'It is deemed * * * proper to hold that the opposer's fabric was generally known to the public and was advertised and sold by the opposer's predecessors in connection with the name "Biltmore Homespun" for some years prior to the date the applicant began the use of its mark. While the examiner of interferences was unable to find evidence that the word "Biltmore" was used at this time as a trade-mark yet this would seem to be immaterial. The word was used in a descriptive sense as indicating the geographical location of the place where the goods were produced. It is clear enough this use is sufficient to support the claim of damage to the opposer by the registration of this word as a trade-mark by applicant.'

"While it thus appears that the Commissioner disagreed with the examiner's ruling on this branch of the case, the fact remains that the point was not before him for decision. As previously noted the examiner

had sustained the opposition squarely and solely upon the so-called name clause of the statute, expressly ruling against the opposer on all other grounds set up in the notice. It was from that decision that the appeal was taken and that was the decision affirmed by the Commissioner. If there was any dictum in the decision on appeal I think it pertained to the effect of the applicant's use in advertising of the word 'Biltmore,' rather than to the question involved in the present proceeding.

"No appeal was taken from the Commissioner's decision, and the suggestion now made that it was erroneous is of course not to be considered. Even though I may disagree with both the reasoning and the conclusions therein set forth, that would in no manner alter the legal effect of the adjudication. According to my understanding the doctrine of res judicata permits of no inquiry into the correctness of a final judgment properly pleaded as an estoppel.

"I think the case before me is cnoclusively controlled by the decision of the Court of Customs and Patent Appeals in Panhard Oil Corporation v. Societe Anonyme Des Anciens Etablissmento Panhard & Levassor, 39 F.(2d) 496, where the essential facts considered were substantially the same as those here involved.

"Appellant's counsel have devoted considerable discussion to the judgment in the second opposition proceeding above referred to, which they contend conflicts with and hence neutralizes that rendered in the first. Their position in this regard is in my opinion clearly untenable. That case involved only the right of Biltmore Industries, Incorporated, to register the mark in issue. For various reasons such registration was refused. One of those reasons was that it had failed to show a trade-mark use of the word 'Biltmore.' Another was that the word is geographical. The decision was in no way predicated upon use or lack of use of the word as a name; nor can I perceive how the question could have been material in that proceeding."

We have quoted thus extensively from the Commissioner's decision for the reason that it is appellant's contention that the issue in this cancellation proceeding is not the same as in opposition No. 11,528.

■ Counsel for appellant here contends that the decision of the Commissioner of Patents in opposition No. 11,528 was not based upon that portion of section 5 of the Trade-Mark Act of February 20, 1905 (15 U.S.C.A. § 85), which forbids the registration of a trade-mark "which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner," and that there was no prior adjudication of the issue involved in this cancellation. We think it is sufficient to say that we have examined the record with care and agree with the Commissioner that the issue decided in opposition No. 11,528 was based upon the quoted provisions of the statute, and that the issue in the case at bar is the same as in that case.

■ Counsel for appellant further contends that "if an estoppel was created by the first opposition No. 11,528, said estoppel was cancelled by the judgment in the second opposition No. 12,190." In support of that proposition, counsel has cited the cases of Branson v. Wirth, 17 Wall. (84 U.S.) 32, 42, 21 L.Ed. 566; Shaw v. Broadbent, 129 N.Y. 114, 125, 29 N.E. 238.

We have examined the decision of the Commissioner of Patents in opposition No. 12,190—I. & B. Cohen Bomzon & Co., Inc., v. Biltmore Industries, Incorporated, 22 U. S.Pat.Q. 257. It was there held that Biltmore Industries, Incorporated, had failed to establish a trade-mark use of the mark "Biltmore"; that the mark was merely geographical, and, therefore, Biltmore Industries, Incorporated, appellee in the case at bar, was not entitled to register it. The so-called name clause of section 5, hereinbefore quoted, was not in issue in that case. Accordingly, the decision therein has no bearing on the issue in the case at bar.

It clearly appears from the evidence of record in the case at bar, which includes the record in opposition No. 11,528, that appellee's predecessors manufactured and sold wool fabrics, "Biltmore Homespuns," long prior to the filing date, September 20, 1917, of appellant's predecessor's application for the registration of the trade-mark "Biltmore," issued February 19, 1918, registration No. 120,552; that such products were manufactured and sold originally under the name "Biltmore Estate Industries"; that, in 1917, one Seely, who at that time was president of Grove Park Inn, Inc., purchased the Biltmore Estate Industries, and, at the time of the purchase, agreed to carry on the business in the name of Biltmore Industries; that he carried out the terms

of that contract, and manufactured and sold the goods under the name of Biltmore Industries. Thereafter, in 1928, Grove Park Inn, Inc., had its name changed to Biltmore Industries, Incorporated, and has manufactured and sold the products here involved under its corporate name. It appears, therefore, as stated by the Commissioner of Patents in his decision in opposition No. 11,528, that long prior to the filing of the application, September 20, 1917, for the registration here involved, appellee's product had been continuously manufactured and sold by Biltmore Estate Industries, and Biltmore Industries.

It is argued by counsel for appellant that, at the time the predecessor of appellant began to use the trade-mark "Biltmore," September 20, 1917, the predecessor of appellee was manufacturing and selling appellee's goods under the name Grove Park Inn, Inc.

It may be that Biltmore Industries was owned by Grove Park Inn, Inc. Nevertheless, appellee's goods were manufactured and sold by Biltmore Industries, and were never sold nor advertised for sale under the name Grove Park Inn, Inc.

The right of appellee to the registration of the term "Biltmore" is now pending in another court. That issue not being before us, we, of course, make no comment with regard thereto. Regardless of how the issues in that case may be decided, we are of opinion that appellee had a right to bring the involved petition for cancellation, by virtue of the quoted provisions of section 5 of the Trade-Mark Act of February 20, 1905, and section 13 of that act (15 U.S.C.A. § 93). See United Shoe Mach. Corp. v. Compo Shoe Mach. Corp., 56 F.(2d) 292, 19 C.C.P.A.(Patents) 1009, 1014.

We are of opinion, therefore, that the issue decided against appellant in opposition No. 11,528 and the issue before us in this proceeding are the same, and that the decision in the former case is res adjudicata of the issue here involved. See Williams Oil-O-Matic Heating Corporation v. Butler Co., 39 F.(2d) 693, 17 C.C.P.A.(Patents) 934; Panhard Oil Corp. v. S. A. Des Anciens Estab. Panhard & Levassor, 39 F.(2d) 496, 17 C.C.P.A.(Patents) 971; American Fruit Growers, Inc., v. John Braadland, Ltd., 45 F.(2d) 443, 18 C.C.P.A.(Patents) 790.

We are of opinion that the Commissioner of Patents reached the right conclusion, and his decision is affirmed.

Affirmed.

LENROOT, J., did not participate in the decision of this case.