Mr Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 This is a writ, of error to a judgment of restitution awarded ■by the court of the United States for the seventh circuit and district of Kentucky, whereby the tenant of the defendants in error was restored to the possession of a tract of land from which he had been improperly removed, under the process of that court.
 

 The defendants in error filed their petition in the circuit court, stating that a declaration of ejectment had been brought by John Doe, on the demise of Samuel Smith, and notice served on Hiram and William Bryant, the tenants of the petitioners;
 
 *7
 
 and a judgment was rendered against them in May term 1818, on which no writ of habere facias possessionem has been issued.
 

 In November term 1818, a judgment was rendered against other tenants, by virtue of which the marshal turned John Evans out of possession; who, as tenant of the petitioners, resided on the place which had been occupied by the Bryants.
 

 A rule to show cause was granted, and on its return restitution was awarded. To this judgment of restitution, this writ of error is awarded.
 

 The judicial act authorizes this court to issue writs of érror to bring up any final judgment or decree in a civil action' or suit in equity, depending in the circuit court, &c.
 

 This is not a final judgment in a civil action, nor a decree in a court of equity. It is no more than the action of a court on its own process, which is submitted to its own discretion. This court takes no jurisdiction in such a case. It is not, we think, given by the judicial act.
 

 The writ of error is quashed and the suit dismissed, the court having no jurisdiction.
 

 In error to the circuit court of the United States for the district of Kentucky,
 

 This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Kentucky, and was argued by counsel; on consideration whereof, it is the opinion of this court, that this is not a final judgment in a civil action, nor a decree in a court of equity, but no more than the action of a court on its own process, which is submitted to its own discretion, and that the court cannot take jurisdiction in suóh a case, it not being given by the judicial act; and that the writ of error must be quashed and the suit dismissed, the court having no jurisdiction. Whereupon, it is considered, ordered and adjudged by this court, that, this writ of error be, and the same is hereby dismissed for the want of jurisdiction.