Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 Upon the facts of this case, it will be seen that at the time the motion was made in the court below, the cause was not then pending in the court. Although the mandate had been
 
 *57
 
 Bent down to tbe circuit from this' court it had not been filed there, nor had the rule been entered in pursuance of its directions reversing the judgment. The court had not, therefore, obtained possession of the cause, and this was, doubtless, the reason for refusing the motion for restitution. The plaintiffs in error were entitled to restitution both of the premises and costs on the reversal of the judgment, and the modern practice is to apply to the court on the coming down of the mandate from the appellate tribunal and the entry of the judgment of reversal for a writ of restitution, setting ■forth the facts entitling the party to the remedy and giving notice of the motion to the adverse party. The earlier and more formal remedy was by
 
 scire
 
 facias.
 
 *
 

 It seems that the writ of restitution may be granted though a new venire has been directed. In
 
 Smith’s Lessee
 
 v.
 
 Trabue’s
 
 Heirs,
 
 †
 
 this court held, that a writ of error would not lie to an order of the Circuit Court awarding a writ of restitution on motion, and dismissed the case for want of jurisdiction. The writ in the present case must be dismissed for the same reason. The order is not considered a final judgment within the meaning of the'•Judiciary Act.
 

 Dismissal accordingly.
 

 *
 

 Rex
 
 v.
 
 Leaven, 2 Salkeld, 558; Sympson v. Juxon, Cro. Jac. 699; 2 Sellon’s Prac. 387; 2 Tidd’s do. 1033, 1188; Safford
 
 v.
 
 Slovens, 2 Wendell, 164; Close
 
 v.
 
 Stuart, 4 Id. 95; Smith’s Lessee
 
 v.
 
 Trabue’s Heirs, 9 Peters, 4; Jackson
 
 v.
 
 Hasbrouk, 5 Johnson, 366; Cassel
 
 v.
 
 Duncan, 2 Sergeant & Rawle, 57 Russel
 
 v.
 
 Gray, 6 Id. 208; Ranck
 
 v.
 
 Backer, 13 Id. 41.
 

 †
 

 9 Poers, 4.