Mr. Justice CLIFFORD
delivered the opinion of the court.
Action was ejectment for a certain parcel of land situated in the county of Peoria, State of Illinois, and particularly described in the declaration. Parties waived a jury and went to trial upon the general issue before the court, and the judgment was for the defendant: but a new trial was granted, on motion of the plaintiff, and at the second trial, which was to the jui’y, the verdict and judgment were for the plaintiff".
All the taxed costs having been paid by the defendant, he moved the court that the judgment be vacated, and that a new trial be granted, and the motion was allowed. Third trial was also to the jury, and the verdict and judgment, as before, were for the plaintiff. Defendant excepted and sued out a writ of error and removed the cause into this court.
Mandate of this court, which is in the record, shows that the judgment of the Circuit Court was affirmed here at the December Term, 1857, and the cause remanded for execution and such proceedings as i’ight and justice and the .laws of the United States required. Judgment of affirmance, was accordingly'rendered on the seventh day of July, 1858, and an order entered that the plaiutiff have execution against the defendant for his costs. Record also shows, that on the nineteenth day of July, in the same year, a writ of habere facias possessionem issued on the judgment in favor of the plaintiff, and the return of the marshal shows that he, on the' third day of September following, put the plaintiff in possession of the premises, as commanded bythe writ. Due execution, therefore, followed final judgment, and there was an end of all regular proceedings in the suit. Dissatisfied with *192 tlie result, however, the defendant, on the thirteenth day of May, 1862, moved the court for a writ of restitution, and on the fifteenth day of May following the court awarded the writ, as prayed in the. motion.
Writ of restitution in favor of the defendant bears date on the twenty-seventh day of May, 1863, and it appears to have been duly served by the marshal.
Turned out of possession of the premises which he had recovered by the judgment of the Circuit Court, duly affirmed in this court, the plaintiff in turn moved the court for a'writ of restitution to restore him to the possession of the premises. Affidavits were filed and both parties were duly heard. Conclusion of the court was that the first writ of restitution had been improvidently issued, and that the possession of the premises belonged; under the judgment as affirmed by this court, to the plaintiff.
Foundation of the application for the first writ of restitution was a supposed tax title held by the defendant, not pleaded or in any manner brought to the notice of the Circuit Court in the trial of the cause; and the foundation for the second application was, that the hearing of the first was without any notice whatever to the party in possession.
Exceptions were taken by the defendant to the order of the court setting aside the first writ of restitution and awarding the second to the plaintiff Based on those exceptions the defendant sued out this writ of error, in which it is alleged in substance and effect that a manifest error has happened in the rendition of a certain judgment on a certain motion, and the proceedings under it, made by the plaintiff to set aside a certain writ of restitution which had been -issued out of said court in favor of the defendant, and to grant a writ of restitution to the plaintiff in a case between these parties.
Evidently the writ of error is addressed not to the judgment in the case, but-to the order of the court in setting aside the first-writ of restitution and in granting the second, as specified in the bill of exceptions.
Writs of error,.under the Judiciary Act, could only issue *193 from the-clerk’s office of this court, but it was provided by the ninth section of the act of the eighth of May, 17.92, that the form of a writ of error approved'by any two judges of the Supreme Court should be forthwith transmitted to the clerks of the Circuit Courts, and the provision was that they may issue writs of error agreeably to such form as nearly as the case may admit, under the seal of such courts, returnable to the Supreme Court.*
Appellate jurisdiction of this court in writs of error, under the twenty-second section of the Judiciary Act, is confined to final judgments by the express words of the section, and of course the writ of error should be addressed to the final judgment. All the forms of a writ of error furnished to the clerks of the Circuit Courts are to that effect, and those clerks have no right to change the form without the sanction at least of two justices of this court. Present writ of error is not, on its face, addressed to the final judgment in the case, but to an order of the court made on a motion filed by the plaintiff long after the writ of possession had been issued and served. Such an order is not a final judgment in any sense within the meaning of the twenty-second section of the Judiciary Act.*
First order of the court in awarding the writ of restitution was irregular, because it was inconsistent with the mandate of this court, which affirmed the judgment of the Circuit Court that the plaintiff was entitled to tbe possession of the premises. Opposite party was not notified of the application, which doubtless led to the error, as the hearing was ex parte. S'ervice of the process gave the plaintiff notice of what had transpired, and he immediately applied to the court to set the proceedings aside.
Second application was clearly addressed to the discretion • of the court, as it was in the nature of a petition to correct an order manifestly irregular, for the reason already suggested, and because it had been passed without notice to the party asking to set it aside.
*194 Direct decision of this court in the case of Smith v. Trabue’s Heirs,* was that such an order was no more than the action of a court on its own process which is submitted to its own discretion, and that it was not a final judgment in a civil action nor a decree in a court of equity.
"Where a case is brought into this court from the Circuit Courts by a writ of error, regular in form, if there is no error in the record the judgment will be affirmed. Affirmance in such a case is the proper judgment, because the writ of error, being addressed to the record, brings up the whole case, and the court, under the twenty-second section of the Judiciary Act, has jurisdiction to re-examiue the record in such cases and to reverse or affirm; and if there is no error in the record, of course the judgment-must be affirmed.†
Present case, however, does .not fall within that rule, because the writ of error is special in form and is addressed to a mere order of the court, passed nearly six years after the final judgment of the Circuit Court was affirmed, the writ of possession issued, and the possession of the premises given to the plaintiff, as commanded by the writ.
The case is
Dismissed eor the want oe jurisdiction.

 1 Stat. at Large, 278.

 9 Peters, 7.

 Taylor v. Morton, 2 Black, 484.