## UNITED STATES *v.* ABATOIR PLACE.

Where an information against a distillery for an alleged violation of the revenue laws was filed, and the District Court, after rendering judgment in favor of the claimant, denied the motion of the United States that a certificate of reasonable cause of seizure be entered of record, — *Held,* that the action on the motion cannot be reviewed here or in the Circuit Court.

ERROR to the Circuit Court of the United States for the Southern District of New York.

This was an information filed in the District Court of the United States for the Southern District of New York against a distillery, claiming that it was forfeited to the United States for violation of the revenue laws.

Frederick Frerichs appeared as the claimant, and denied the forfeiture. Upon the trial the District Court, being of opinion that there was no evidence of any violation of the revenue laws, for which the seizure had been made, directed a verdict for him, and judgment was rendered thereon in his favor.

Thereupon the United States moved the court to enter of

record a certificate that there was a reasonable cause of seizure. The motion was denied. The case was then carried, by writ of error, to the Circuit Court, which adjudged that there was no error in the record. To reverse this latter judgment this writ of error is prosecuted. The only question raised in this court is whether the District Court erred in refusing to enter the certificate of reasonable cause.

The following sections of the Revised Statutes of the United States are pertinent to the case: —

"SECT. 909. In suits, or informations brought, where any seizure is made pursuant to any act providing for or regulating the collection of duties on imports or tonnage, if the property is claimed by any person, the burden of proof shall lie upon such claimant: *Provided*, that probable cause is shown for such prosecution, to be judged of by the court."

"SECT. 970. When, in any prosecution commenced on account of the seizure of any vessel, goods, wares, or merchandise, made by any collector or other officer under any act of Congress authorizing such seizure, judgment is rendered for the claimant, but it appears to the court that there was reasonable cause of seizure, the court shall cause a proper certificate thereof to be entered, and the claimant shall not in such case be entitled to costs, nor shall the person who made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit or prosecution: *Provided*, that the vessel, goods, wares, or merchandise be, after judgment, forthwith returned to such claimant or his agent."

*The Solicitor-General* for the United States.
*Mr. Edward Salamon, contra.*

MR. JUSTICE WOODS, after stating the case, delivered the opinion of the court.

We are of opinion that the refusal of the District Court to grant a certificate of reasonable cause is not a matter which can be reviewed in the Circuit Court or in this court. It is only from final judgments that a writ of error lies from the District to the Circuit Court, or from the latter court to the Supreme Court.

The granting or the refusal to grant the certificate is not a final judgment in the sense of the statute which allows writs of

error.  The certificate, when granted, is no part of the origi-
nal case.  It is a collateral matter which arises after final
judgment.

It is granted to protect the person at whose instance the
seizure was made, should an action of trespass be brought
against him by the claimant for the wrongful seizure of the
latter's property.  The granting of the certificate of reasonable
cause is, therefore, only antecedent and ancillary to another
suit, and is not a final judgment in the case in which it is
given.  It is not final or effectual for any purpose unless cer-
tain facts subsequent to the judgment are shown, namely, the
immediate return to the claimant or his agent of the property
seized in the original suit.

This court has decided that a refusal to enter an *exoneretur*
on a bail bond, that judgments awarding, or refusing to award,
or setting aside writs of restitution in actions of ejectment,
that a judgment on a writ of error *coram nobis*, that a judg-
ment refusing a writ of *venditioni exponas*, that a refusal to
quash an execution or to quash a forthcoming bond, were not
final judgments, to which a writ of error would lie.  *Boyle*
v. *Zacharie*, 6 Pet. 635; *Pickett's Heirs* v. *Legerwood*, 7 id.
144; *Smith* v. *Trabue*, 9 id. 4; *Evans* v. *Gee*, 14 id. 1; *Amis* v.
*Smith*, 16 id. 303; *Morsell* v. *Hall*, 13 How. 212; *McCargo*
v. *Chapman*, 20 id. 555; *Gregg* v. *Forsyth*, 2 Wall. 56; *Barton*
v. *Forsyth*, 5 id. 190.  See also *Barker* v. *Hollier*, 8 Mee. & W.
513.

These authorities lead to the opinion we have expressed in
this case.

*Judgment affirmed.*