106 U.S. 160
 1 S.Ct. 169
 27 L.Ed. 128
 UNITED STATES
v.
FRERICHS, Claimant, etc.
 November 20, 1882.
 
 This case was an information filed in the district court of the United States for the southern district of New York against a distillery, claiming that it was forfeited to the United States for violation of the revenue laws. Frerichs, the defendant, appeared as claimant and denied the forfeiture. Upon the trial the district court was of opinion that there was no evidence of any violation of the revenue laws for which the seizure had been made, and directed a verdict for the claimant, which having been brought in, judgment was rendered thereon in his favor. Thereupon the United States, by their attorney, moved the court to enter of The following sections of the Revised Statutes of the United States are pertinent to the controversy in this case:
 'Sec. 909. In suits or informations brought, where any seizure is made pursuant to any act providing for or regulating the collection of duties on imports or tonnage, if the property is claimed by any person, the burden of proof shall lie upon such claimant: provided, that probable cause is shown for such prosecution, to be judged of by the court.
 'Sec. 970. When, in any prosecution commenced on account of the seizure of any vessel, goods, wares, or merchandise, made by any collector or other officer under any act of congress authorizing such seizure, judgment is rendered for the claimant, but it appears to the court that there was a reasonable cause of seizure, the court shall cause a proper certificate thereof to be entered, and the claimant shall not in such case be entitled to costs, nor shall the person who made the seizure nor the prosecutor be liable to suit or judgment on account of such suit or prosecution: provided, that the vessel, goods, wares, or merchandise be, after judgment, forthwith returned to such claimant or his agent.'
 record a certificate that there was a reasonable cause of seizure. The motion was denied. The case was then carried by writ of error to the circuit court, where it was adjudged that there was no error in the record. To reverse this latter judgment this writ of error is prosecuted. The only question raised in this court is whether the district court erred in refusing to enter the certificate of reasonable cause.
 Mr. Phillips, Sol. Gen., for plaintiff in error.
 Edward Salomon, for defendant in error.
 WOODS, J.
 
 
 1
 We are of opinion that the refusal of the district court to grant a certificate of reasonable cause is not a matter which can be reviewed in the circuit court or in this court. It is only from final judgments that a writ of error lies from the district to the circuit court, or from the latter court to the supreme court. The granting or the refusal to grant the certificate is not a final judgment in the sense of the statute which allows writs of error. The certificate, when granted, is no part of the original case. It is a collateral matter which arises after final judgment. It is granted to protect the person at whose instance the seizure was made, should an action of trespass be brought against him by the claimant for the wrongful seizure of the latter's property. The granting of the certificate of reasonable cause is, therefore, only antecedent and ancillary to another suit, and is not a final judgment in the case in which it is given. It is not final or effectual for any purpose unless certain facts subsequent to the judgment are shown, namely, the immediate return to the claimant or his agent of the property seized in the original suit. This court has decided that a refusal to enter an exoneratur on a bail bond, that judgments awarding or refusing to award or setting aside writs of restitution in actions of ejectment, that a judgment on a writ of error coram nobis, that a judgment refusing a writ of venditioni exponas, that a refusal to quash an execution or to quash a forthcoming bond, were not final judgments to which a writ of error would lie. Morsell v. Hull, 13 How. 212; Smith v. Trabue, 9 Pet. 4; Barton v. Forsyth, 5 Wall. 190; Gregg v. Forsyth, 2 Wall. 56; Pickett's Heirs v. Legerwood, 7 Pet. 144; Boyle v. Zacharie, 6 Pet. 648; Evans v. Gee, 14 Pet. 1; McCargo v. Chapman, 20 How. 555; Amis v. Smith, 16 Pet. 303. See, also, Barker Hollier, 8 Mees. & W. 513.
 
 
 2
 These authorities lead to the opinion we have expressed in this case. We think the judgment of the circuit court should be affirmed, and it is so ordered.