Bichakdson, Ch. J.,
delivered the opinion of the court:
"Revised Statutes, section 707, provides as follows:
“ Sec. 707. An appeal to the Supreme Court shall be allowed, on behalf of the United States, from all judgments of the Court of Claims adverse to the United States, and on behalf of the plaintiff in any case where the amount in controversy exceeds three thousand dollars, or where his claim is forfeited to the United States by the judgment of said court, as provided in section one thousand and eighty-nine.”
It is therefore only from judgments of the court adverse to the United States that an appeal will lie to the Supreme Court on the part of the defendants.
Under the original French Spoliation Act of January 20, 1885, chap. 359 (24 Stat. L., 505), this court was entirely without judicial powers; it was authorized only to report to Congress, as we said in a former case (Gray, admr., v. The United States, 21 C. Cls. R., 344), “ the facts found by us and our conclusions, which are to be taken both as to law and facts, as advisory and not conclusive upon either party, the claimants or the Government.” Congress transmitted the claims to us “with the proviso that the conclusion reached in this forum shall not be finally binding upon either party, but that the defendants as well as the claimants have reserved to them an appeal, not in the regular line of judicial procedure to the Supreme Court of the United States, but back again to that body, from which *294 alone any remedy can come to the citizen for wrongs done him by his Government.
The findings of fact and conclusions of law were in this case reported to Congress in December, 1886, pursuant to the terms of the jurisdictional act, and among these conclusions was one that the insurers of the Industry were entitled to relief, among them “ William Smith, David Greene, and Benjamin Bussey, represented by Charles Francis Adams, administrator ofPeter Chardon Brooks, assignee” (Mis. Doc. No. 6, House of Representatives, Forty-ninth Congress, second session.) With this report the powers of the court under the act of January 20, 1885, were exhausted. Later Congress passed the Act of March 3, 1891 (26 Stat. L., 903), colloquially known as the “ General Deficiency Act,” in which appear the following provisions:
“ To pay the findings of the Court of Claims on the following claims for indemnity for spoliations by the French * under the act entitled * [being the act of January 20,1885], namely: On the schooner Industry, Benjamin Hawks, namely, * * Charles F. Adams, administrator of Peter C. Brooks, three thousand dollars.” * After a long list of other cases for which appropriation is made appears the following proviso:
“ That in all cases where the original sufferers were adj u-dicated bankrupts the awards shall be made on behalf of the next of kin instead of to assignees in bankruptcy, and the awards in the cases of individual claimants shall not be paid until the Court of Claims shall certify to the Secretary of the Treasury that the personal representatives on whose behalf the award is made represent the next of kin, and the courts which granted the administrations, respectively, shall have certified that the legal representatives have given adequate security for the legal disbursement of the awards.”
This proviso is divided into three parts: First, one which relates to bankrupts; as to them the awards shall be made to the next of kin and not to the assignees in bankruptcy. Ro case to which this provision applies is before us. Second, the awards in the case of individual claimants shall not be paid until this court shall certify to the Secretary of the Treasury “ that the personal representatives on whose behalf the award is made represent the next of kin.” The Third part of the proviso is not of importance in this proceeding. The court has ordered that a certificate issue to the effect that Adams represents the next of kin of Brooks. From this order the defend *295 ants seek to appeal, urging that the next of kin of the owner of the property lost, whose loss was paid by the insurer, are the next of kin intended by the proviso. An opinion upon this point has already been delivered by ns at this term.
It will be noted that nowhere has this court been invested with judicial power in the spoliations cases to determine that there existed a legal right in any claimant against the Government. We advised Congress, the advice was accepted, and payment was ordered with the proviso that this court certify an additional fact to the Secretary of the Treasury, a fact not previously certified to Congress.
There is no judgment, and no element of a judgment, in the order of the court for the issue of the certificate required by the proviso.
The case of United States v. Place (106 U. S. R., 160) upon Revised Statutes, section 909 and 970, is quite analogous.
In suits to which these sections refer it is required that when “it appears to the court that there was reasonable cause of seizure the court shall cause a proper certificate thereof to be entered, and the claimant shall not in such case be entitled to costs,” etc.
The Supreme Court in its opinion said :
“ We are of opinion that the refusal of the District Court to grant a certificate of reasonable causéis notmatter which can be reviewed in the Circuit Court or in this court. It is only from final judgments that a writ of error lies from the District to the Circuit Court, or from the latter court to the Supreme Court.
“ The granting or refusal to grant a certificate is not a final judgment in the sense of the statute which allows writs of error. The certificate when granted is no part of the original case; it is a collateral matter, which arises after final judgment.”
There being no right of appeal in the present case, the court is not required to make any findings of fact other than the one required by the deficiency act.
The following regulations of the Supreme Court relating to appeals from the Court of Claims provide:
“In all cases hereafter decided in the Court of Claims in which by the act of Congress such appeals are allowable they shall be heard in the Supreme Court upon the following record and none other:
“A finding by the Court of Claims of the facts in the case established by- the evidence in the nature of a special verdict, but not the evidence establishing them, and a separate state *296 ment of the conclusions of law upon said facts on which the court founds its judgment or decree. The finding of facts and conclusions of law to be certified to this court as part of the record.”
It would be a useless and idle proceeding to make findings of fact for consideration on appeal when we hold that no appeal lies and that such findings are not required by the Supreme Court.
The request for findings of fact and the application for appeal are denied.