H. H. HAGAN AND EUGENE HAGAN v. W. H. WELLINGTON.

No. 203.

PUBLIC POLICY—*Void Contract.* An answer which avers that W. entered into a fraudulent conspiracy with K. to defraud the government and incidentally to defraud H., and that W. then agreed with H., for a sum of money to be paid by H., to furnish the evidence of such fraudulent conspiracy in a land-contest trial, states a defense. The contract to furnish the testimony in the contest case under such circumstances is against public policy, and a note given in consideration thereof is void.

Error from Pottawatomie district court; WILLIAM THOMSON, judge. Opinion filed April 8, 1898. Reversed.

*Eugene Hagan, R. S. Hick, V. B. Paine,* and *H. S. Cunningham,* for plaintiffs in error.

*Chas. J. Fitzgerald,* for defendant in error.

The opinion of the court was delivered by

MCELROY, J.: This action was brought by Wellington against the Hagans to recover on two promissory notes. A demurrer to the answer was sustained. The answer alleged that the notes mentioned in the petition were obtained by the plaintiff by fraud and misrepresentation, and executed by the defendants without any legal or valid consideration what-

Hagan v. Wellington.

ever; that shortly after the opening of Oklahoma territory to settlement, the defendant H. H. Hagan instituted contest proceedings, before the proper officers of the United States land-office at Guthrie, in said territory, against the plaintiff and one Frank Kress and other parties, who claimed a right to a tract of land in said territory which said H. H. Hagan claimed and had a right to enter; that the claims of the plaintiff and Kress, and all other parties to said contest except H. H. Hagan, were fraudulent and invalid; that the plaintiff and Kress had entered into an illegal agreement and conspiracy with each other whereby they were to obtain possession of and title to the land contrary to law and to the regulations established by the government of the United States and its officers, and in fraud of the rights of H. H. Hagan; that on the trial of the contest and to establish and maintain his rights to the land it became and was necessary and indispensable for H. H. Hagan to prove said conspiracy and fraud, and there was no other witness than the plaintiff, and no evidence not under the plaintiff's control, by whom or which the same could be proved; that the plaintiff, while admitting the conspiracy and fraud to H. H. Hagan, refused to be called as a witness or to testify or give evidence in any manner in relation thereto, or to furnish or allow H. H. Hagan to use any of said evidence under plaintiff's control unless and until H. H. Hagan would promise to pay him $3000 therefor : that there was no way or means whereby the testimony of the plaintiff could be procured or the conspiracy and fraud be established other than by promising to pay him the $3000, which promise H. H. Hagan was compelled to and did make for that purpose, and for no other consideration whatever; that H. H. Hagan paid

the plaintiff a part of the $3000 and executed his notes for the remainder, and the notes mentioned in the petition and sued on in this action were given in renewal of one of said notes; and that there was and is no other consideration whatever for said notes or for the execution thereof.

The only question presented for determination is whether the consideration for the original contract was illegal and the contract void.

The cases cited by counsel for defendant in error are not applicable to the question under consideration. The general rule is that an action founded upon an illegal transaction cannot be maintained. In all such cases the courts refuse to assist the party to carry out or to reap the fruits of the illegal transaction.

"All agreements for pecuniary consideration to control the business operations of the government, or the regular administration of justice, or the appointments to public offices, or the ordinary course of legislation, are void as against public policy, without reference to the question whether improper means are contemplated or used in their execution. The law looks to the general tendency of such agreements, and it closes the door to temptation by refusing them recognition in any of the courts of the country." (*Tool Co. v. Norris*, 2 Wall. 56.)

It is conceded by counsel that Wellington had solely within his personal knowledge and control the necessary evidence to establish the truth in the contest, and that he was the only witness by whom it could be proved; that there was no process by which he could be compelled to appear in court and testify concerning the controversy. It appears by the answer that Wellington and Kress entered into an unlawful conspiracy to procure title to the land, and that on the trial

of the contest it became necessary for Hagan to prove this conspiracy. Wellington had entered into a fraudulent conspiracy with Kress to defraud the government, and then entered into an agreement to sell the evidence of such fraudulent conspiracy. Without the unlawful conspiracy he would have had nothing to sell, so that the whole matter rests upon the right of Wellington to enter into the conspiracy, and then to exact the payment of money for giving information of it. The contract to furnish the testimony in the contest case, under the circumstances disclosed in the answer, is void as against public policy. Wellington cannot be permitted to profit by the information possessed by reason of the unlawful conspiracy with Kress.

The judgment of the court below must be reversed, and the cause remanded with directions to overrule the demurrer and grant a new trial.