# WILSON v. NEWBURGH.

APPEAL AND ERROR; EJECTMENT; RESTITUTION.

1. A motion for a writ of restitution, made by a defendant in ejectment, following the reversal on appeal of a judgment against him, is premature, and therefore not appealable, when filed before the mandate of the appellate court has been acted upon by the court below; and an appeal may therefore be taken by the defendant from the denial of a new motion for restitution, filed after the trial court has granted a new trial on the mandate of the appellate court.

2. Upon the vacation of a judgment and the granting of a new trial under the mandate of an appellate court, the case stands as originally, and the former trial and all that occurred in connection with it is a nullity.

3. An occupant of land who has been ejected under a judgment found erroneous upon appeal or writ of error is entitled to a restitution, and cannot be required to accept, instead, an order requiring the plaintiff to pay him a monthly rental pending further litigation.

No. 2685.   Submitted October 5, 1914.   Decided November 2, 1914.

HEARING on a special appeal by the defendant from an order of the Supreme Court of the District of Columbia denying a motion for restitution of property taken under an erroneous judgment.                                          *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal from an order of the supreme court of the District of Columbia denying a motion for restitution.

On September 6, 1910, an action in ejectment was instituted in the court below by one Adriaans, on behalf of appellee, Charles Newburgh, against Mary S. Wilson, appellant and certain tenants, for the recovery of possession of certain property located in this District. On June 21, 1912, the court entered judgment against appellant and her tenants, which judgment

on appeal was reversed by this court. *Warder* v. *Newburgh,* 40 App. D. C. 385. Before the determination of the case here, appellant, by writ of possession issued out of the court below, was ejected from the premises, and possession delivered to Adriaans as attorney for Newburgh.

The mandate of this court directing the reversal of the judgment and the granting of a new trial was filed in the court below May 23, 1913. On the same day, appellant filed a motion for restitution of the property taken under the erroneous judgment. On June 19, 1913, the court ordered that appellant's motion "be continued so long as the plaintiff pay into the registry of this court the sum of $11.50 per month on the 17th day of each succeeding month, to abide the judgment of the court in the final disposition of this cause, or until otherwise ordered."

On July 1, 1913, the court made an order on the mandate of this court for appellant's costs, vacating the former judgment and granting a new trial. On March 11, 1914, appellant filed a new motion for restitution, which was denied by the court. From this order the present appeal was granted.

*Mr. George E. Sullivan* for the appellant.

*Mr. W. A. Henderson* and *Mr. J. H. Adriaans* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is contended by counsel for appellee that the appeal should have been prosecuted from the order of June 19, 1913, denying the first motion. The first motion was filed before the mandate of this court had been acted upon by the court below, and was therefore premature. *Gregg* v. *Forsyth,* 2 Wall. 56, 17 L. ed. 782. But there was nothing in the order of the court to prevent appellant from at any time renewing the motion. The case, therefore, is properly here.

Upon vacation of the former judgment and the granting of a new trial, the case stands as originally. The former trial and all that occurred in connection therewith is a mere nullity. Appellant was dispossessed under a writ issued upon a void judgment, and, until legally dispossessed, she is entitled to possession. It is well settled that where, in ejectment, a party in possession has been ejected from the premises under a judgment found upon appeal or writ of error to be erroneous, the party so dispossessed is entitled to restitution of the promises. The rule, which seems to be without exception, is stated in *Gregg* v. *Forsyth, supra,* as follows: "The plaintiffs in error were entitled to restitution, both of the premises and costs, on the reversal of the judgment, and the modern practice is to apply to the court, on the coming down of the mandate from the appellate tribunal and the entry of the judgment of reversal, for a writ of restitution, setting forth the facts entitling the party to the remedy, and giving notice of the motion to the adverse party."

The order of the court requiring appellee to pay into the registry of the court a fixed monthly rental pending further litigation is not a substitute for possession which appellant was required to accept. Her right to restitution was one which she could demand and to which she was legally entitled. "The writ of possession must issue as a matter of course. The defendant having been put out of possession by an abuse of the process of the law, the law must be just to itself, as well as to the defendant, by restoring him to that of which he was wrongfully deprived. When the defendant is restored to the possession, then, and not till then, will the court be in condition in which it can, honorably to itself, pass upon the further rights of the parties." *Perry* v. *Tupper,* 71 N. C. 385, 386.

The order is reversed, with costs, and the cause is remanded, with directions to grant the order of restitution, as moved by appellant. *Reversed.*