922 F.2d 740
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE THOUSAND SIX HUNDRED THIRTY DOLLARS ($1,630.00), MORE OR
LESS IN UNITED STATES CURRENCY, Defendant,
(Walter Raybon McDaniel, Claimant), Claimant-Appellant.
 No. 90-7369
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 29, 1991.
 Walter R. McDaniel, Clio, Ala., pro se.
 James Eldon Wilson, U.S. Atty., John T. Harmon, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before TJOFLAT, Chief Judge, FAY, and BIRCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a certificate issued by the district court, pursuant to 28 U.S.C. Sec. 2465 (1988),* a forfeiture proceeding. The certificate states that "there was reasonable cause for the seizure of the $1,630.00 at issue in this case." We dismiss the appeal because the certificate is not an appealable order.
 
 
 2
 In United States v. Frerichs, 106 U.S. 160, 161-62, 1 S.Ct. 169, 170, 27 L.Ed. 128 (1882), the Supreme Court held that an order (entered under section 2465's predecessor) denying a certificate of reasonable cause is not appealable:
 
 
 3
 [T]he refusal of the district court to grant a certificate of reasonable cause is not a matter which can be reviewed in the circuit court or in this court. It is only from final judgments that a writ of error lies from the district to the circuit court, or from the latter court to the supreme court. The granting or the refusal to grant the certificate is not a final judgment in the sense of the statute which allows writs of error.
 
 
 4
 This language, though dicta as it relates to the granting of a certificate, plainly bars the appeal in this case. We can think of no basis for distinguishing--for purposes of appealability--an order granting a certificate from an order denying a certificate. This appeal is, accordingly,
 
 
 5
 DISMISSED.
 
 
 
 *
 Section 2465 provides that:
 Upon the entry of judgment for the claimant in any proceeding to condemn or forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant or his agent; but if it appears that there was reasonable cause for the seizure, the court shall cause a proper certificate thereof to be entered and the claimant shall not, in such case, be entitled to costs, nor shall the person who made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit or prosecution.