NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID J. RUDOMETKIN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1701

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01546-EGB, Senior Judge Eric G. Bruggink.

---

Decided: December 15, 2022

---

DAVID J. RUDOMETKIN, Fort Leavenworth, KS, pro se.

ANNE DELMARE, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

---

Before DYK, REYNA, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

David J. Rudometkin appeals an order from the Court of Federal Claims ("Claims Court") dismissing his complaint for lack of jurisdiction. We reverse and remand with instructions to stay the case until the court-martial proceedings against Mr. Rudometkin are resolved.

## BACKGROUND

Mr. Rudometkin began serving in the United States Army on October 9, 1995. On August 13, 2015, the U.S. Army Human Resources Command notified Mr. Rudometkin that he was not selected for promotion to the next higher grade and must be involuntarily retired per 10 U.S.C. § 632. The U.S. Army Installation and Management Command Headquarters, United States Army Garrison - Redstone ("Installation Management Command") issued retirement orders for Mr. Rudometkin with an effective date of retirement of January 31, 2016. On January 29, 2016, a Staff Judge Advocate requested that Mr. Rudometkin's retirement orders "be revoked pending [a] criminal investigation against him with a review toward court-martial" pursuant to Army Regulation 600-8-24, paragraphs 1-17 and 6-3. S.A. 3.[1] That same day, Installation Management Command rescinded Mr. Rudometkin's retirement orders.

On February 2, 2018, a military judge, sitting as a general court-martial, initially found Mr. Rudometkin guilty of multiple charges in violation of the Uniform Code of Military Justice. At that time, Mr. Rudometkin was sentenced to a twenty-five-year confinement and a dismissal. On March 12, 2018, the military judge resentenced Mr. Rudometkin to a seventeen-year confinement and a dismissal. Mr. Rudometkin has challenged his conviction, and

---

[1] "S.A." refers to the supplemental appendix filed with the government's brief.

the proceedings are ongoing.  Most recently, the Court of Appeals for the Armed Forces reversed a decision of the Army Court of Criminal Appeals.  The result is that the conviction is subject to further review.  *See United States v. Rudometkin*, 82 M.J. 396, 402 (C.A.A.F. 2022).

On July 2, 2021, Mr. Rudometkin filed a complaint against the United States in the Claims Court alleging that the Army unlawfully revoked his retirement orders and seeking "declaratory and injunctive relief by order directing Defendant to place Plaintiff in appropriate involuntary retirement status as required by statute 10 U.S.C. § 632(a)(2)-(b) and to back pay the Plaintiff . . . since 31 January 2016."  Complaint at ¶ 1, Rudometkin v. United States, No. 1:21-cv-01546 (Fed. Cl. July 2, 2021).  Mr. Rudometkin also alleged that the Army failed to follow its own regulations.

The government moved to dismiss for lack of subject matter jurisdiction because Mr. Rudometkin's claim was not ripe due to the ongoing court-martial proceedings.  Mr. Rudometkin filed a response and moved for summary judgment.  On March 11, 2022, the Claims Court granted the government's motion to dismiss for lack of subject matter jurisdiction and denied Mr. Rudometkin's motion for summary judgment.  Mr. Rudometkin appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review dismissals for lack of subject matter jurisdiction *de novo*.  *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002).  We hold that the government has not established a lack of ripeness preventing the Claims Court from exercising jurisdiction, but that the Claims Court should stay the case until the court-martial proceedings are resolved.

Mr. Rudometkin's claim is that he ought to have been retired automatically by operation of 10 U.S.C. § 632(a)

and that the order revoking his retirement order had no legal effect.  The Claims Court held that "[t]he issue of whether the Army appropriately revoked plaintiff's retirement orders is central to the direct appeal of his court-martial because a military officer punitively discharged from the Army loses his eligibility for retirement."  S.A. 102.  Accordingly, the Claims Court dismissed Mr. Rudometkin's complaint for lack of ripeness.

While a punitive discharge would result in the loss of eligibility for retirement pay, *see Hooper v. United States*, 326 F.2d 982, 988 (Ct. Cl. 1964), Mr. Rudometkin's claim is ripe despite the unresolved court-martial proceedings.  Ripeness is a question of "whether the injury is too contingent or remote to support present adjudication."  13B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3532.1, at 383 (3d ed. 2008).  There is nothing remote about Mr. Rudometkin's allegations.  Mr. Rudometkin alleges that he was unlawfully denied retirement and, as a consequence, is entitled to back pay.  The question of whether the government lawfully revoked Mr. Rudometkin's retirement orders does not depend on further factual developments.  *See Duke Power Co. v. Carolina Envt'l Study Grp.*, 438 U.S. 59, 82 (1978) (holding claims ripe where further factual development "would not, in our view, significantly advance our ability to deal with the legal issues presented nor aid us in their resolution").  Here, there is a question of a possible lack of ripeness of the government's defense.  But the government cites no appellate authority that suggests that lack of ripeness of a defense makes the claim unripe.

Under these circumstances, dismissal is not appropriate.  The appropriate resolution is to stay the case pending the final outcome of the court-martial proceedings.  *See Crane v. Fauver*, 762 F.2d 325, 326 (3d Cir. 1985) ("[W]e hold that the district court should have retained jurisdiction over this action while staying it pending the outcome of a related state proceeding."); *Deakins v. Monaghan*, 484

U.S. 193, 202 (1988) (citing *Crane* with approval, and holding that dismissal is not appropriate in the context of *Younger* abstention).  A stay is particularly appropriate given that the final outcome of the court-martial proceedings will likely determine whether—or at least, to what extent—the government is liable to Mr. Rudometkin,[2] and the legality of the revocation of Mr. Rudometkin's retirement orders is central to the court-martial proceedings as well as the Claims Court case.

## CONCLUSION

Because we find that the Claims Court had jurisdiction, we reverse and remand with instructions to the Claims Court to stay the case pending the resolution of the court-martial proceedings.[3]

## REVERSED AND REMANDED

### COSTS

Costs to the appellant.

---

[2]    Even if Mr. Rudometkin is punitively discharged, Mr. Rudometkin claims that there is an issue as to entitlement to retirement pay between the date Mr. Rudometkin claims he ought to have been retired and the date of the conviction.  At this stage, we decline to address this issue.

[3]    Mr. Rudometkin has moved to supplement the record with documents that were not before the Claims Court.  These documents relate to his claim that his retirement took effect.  Because we do not decide the issue on appeal, Mr. Rudometkin's motion is denied as moot.